F. M. STALLARD v. WILLIAM C. HAGAR, FRANK ELLIS AND. E. O. STEVENSON, *as administrator of the estate of; JAMES M. STEEL, deceased.*

(Filed September 3, 1904.)

**FAILURE TO FILE BRIEFS—Rule 6.** Where a plaintiff in error in a civil action fails to file briefs as required by rule 6 of the rules. of practice of this court, the appeal will be dismissed on motion of defendant in error.

(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before G. T. Graves, Trial Judge.*

*Robert A. Lowry,* for plaintiff in error.

*Biddison & Eagleton,* for defendants in error.

Opinion of the court by

BEAUCHAMP, J.: This is an action brought by the plaintiff in error against the defendants in error in the probate court of Pawnee county to recover the sum of

$286.90, to reimburse him for money paid upon a judgment of the district court of Payne county rendered upon an appeal bond signed by the plaintiff in error as surety. Affidavits for an attachment and garnishment were filed, writ of attachment and garnishee summons issued, and, upon motion, the court vacated and set aside the garnishment proceedings, and discharged the garnishee. Subsequently a demurrer to the petition was heard, and sustained by the court. Exceptions saved by plaintiff in error, who brings case here upon petition in error and transcript for review.

It is not disclosed by the record that any final judgment was rendered in said cause. It also appears that plaintiff in error has filed no briefs. The defendant in error, William C. Hagar, moves this court to dismiss the appeal because briefs were not filed within forty days after filing of the petition in error as required by rule six (6) of the rules of practice of this court, service of which motion was accepted by attorney for plaintiff in error on the 11th day of June, 1904. Rule six of the rules of practice of this court reads as follows:

"In each civil cause filed in this court, counsel for plaintiff in error shall serve his brief on counsel for defendant in error within forty days after filing his petition in error, and shall at the same time file fifteen copies of said brief with the clerk of the supreme court. And the defendant in error shall have thirty days after service on him of plaintiff in error's brief, in which to serve and file answer briefs. Proof of service of briefs must be filed with the clerk of this court within ten days after service. In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment."

The petition in error was filed with the clerk of this court on December 28, 1903, and plaintiff in error having failed to file briefs as required by the rule, must be treated by this court as having abandoned the appeal.

The motion of the defendants in error to dismiss for failure to file briefs is sustained, with costs to plaintiff in error.

All the Justices concurring.